## JOHN GREEN v. THE STATE.

*No. 6876.   Decided May 3.*

1.   **Theft from the Person—Indictment.**—When necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quan- tity, number, and ownership if known, is sufficient.   If property stolen be described by the name usually applied to it, that will be sufficient.   "Money" is "property" within the meaning of the statute, and as such is the subject of theft.   Indictment for

theft from the person described the stolen property as "one five-dollar bill in money, of the value of five dollars." *Held,* sufficient.

2. **Same—Charge of the Court.**—Theft from the person is *per se* a felony, without reference to the value of the property stolen, if of any value whatever; and therefore it is neither necessary to allege or prove the value of the property taken, and hence the trial court is not required to instruct the jury upon the question of value.

3. **Same.**—To constitute theft from the person three circumstances must concur: 1. The theft must be from the person; it is not sufficient that the property be merely in the presence of the person from whom it is taken. 2. The theft must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away. 3. It is only necessary that the property stolen should have gone into the possession of the thief; it need not be carried away in order to complete the offense. Under the third subdivision of this statute, asportation is not necessary, and the offense is complete when the property, taken from the person without the knowledge of the owner, passes into the actual possession of the taker, although the owner discovers the taking instantly afterwards, and at the time offers no resistance. See this case in illustration.

APPEAL from the District Court of Houston. Tried below before Hon. F. A. Williams.

The opinion discloses the nature of the case. The penalty assessed by the verdict was a term of two years in the penitentiary.

Zach Tolliver, the alleged injured party, testified, in substance, that he and six or seven others, including the defendant, spent the greater part of Christmas Eve night, 1889, playing cards in an apartment in the rear of a saloon in Crockett, Texas. When defendant had lost all of his money he asked the witness to lend him 25 cents, which amount the witness agreed to give him, but for some reason he failed to do so. Soon afterwards the defendant knelt down near where the witness was kneeling. Presently the witness felt a touch on his hip pocket, in which he had his purse of money. Looking around instantly he saw the defendant's hand, in which he held the witness's purse of money, passing from witness's to his own pocket. Witness was winning at the time, and said nothing to defendant, believing and hoping that defendant was in jest and would soon return the purse and money. When, however, the defendant started off toward the alley, a few minutes later, witness called upon him to stop and return the purse and money. Defendant stopped in the dark, about twenty feet from where he took the money, and denied that he had it. A light was then procured, and the purse was found on the ground where the witness stopped the defendant.

When taken the purse contained $20, consisting of one five-dollar bill, two two-dollar bills, two two-and-a-half-dollar gold pieces, and the rest in silver. When recovered the purse contained only one of the gold pieces, one of the two-dollar bills, and some small change in silver. Witness then demanded the return of his money, which defendant denied having. The witness then induced the defendant to re-enter the apartment to await daylight for the purpose of being searched by the sheriff.

He managed to keep defendant in the room for some time, but finally the defendant left, and witness never recovered his money.

Others of the parties present, testifying for the State and defendant, narrated the transaction substantially as did the witness Tolliver, except that none of them saw the defendant remove the purse from Tolliver's pocket, or have it in his hand. It was shown by two or more witnesses that on the morning of the next day the defendant was seen in possession of $12 or $15 in silver and currency. A witness for the defense testified that he loaned the defendant $15, $20, or $25 on the morning after the alleged theft, and that the money thus loaned him was in currency and silver.

*Adams & Adams*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This appeal is from a judgment of conviction for the crime of theft from the person. Penal Code, arts. 744, 745. The two modes by which this offense may be committed as laid down in article 745, subdivision 2, were separately charged, two counts being used in the indictment for that purpose. The property alleged to have been stolen is described as "one five-dollar bill in money, of the value of five dollars."

A motion was made in arrest of judgment upon the ground, mainly, that the property was insufficiently described, if indeed it was described at all. It is insisted that it should have been described as "bank bills" or "paper currency money of the United States;" that simply to allege "one five-dollar bill in money" describes nothing.

Our statute provides the rule with regard to the description of property whenever it becomes necessary to give it in an indictment as follows, viz.: "Whenever it becomes necessary to describe property of any kind in an indictment a general description of the same by name, kind, quantity, number, and ownership if known, shall be sufficient," etc. Code Crim. Proc., art. 427. This article is a new provision added by the revisers to our Code of Criminal Procedure, and dispenses with the great particularity required prior thereto in the description of property, especially money. Willson's Crim. Stats., sec. 1256.

A particular description of the property stolen is not necessary; if it be described specially by the name usually applied to it, that will be sufficient. Dignowitty v. The State, 17 Texas, 521. A bank bill or currency bill, when spoken of as money, is usually called "a bill" without adding the words "bank bill" or "United States currency bill." When the words "one five-dollar bill in money" are used to designate it, we understand that a paper bill of the denomination and value of five dollars—a cir-

culating medium which passes as money—is meant. In Bryant v. The State, 16 Texas Court of Appeals, 144, the stolen property was described as " one twenty-dollar gold piece, of the value of twenty dollars, and *one five-dollar bill in money, of the value of five dollars,*" etc. It was held, on motion in arrest of judgment in that case, that the description was sufficient under the provisions of article 732 of the Penal Code, which declares: "money" to be property, when taken in connection with article 427 of the Code of Criminal Procedure.

We are of opinion that the indictment sufficiently described the money, and that the court did not err in overruling the motion in arrest of judgment.

As to the supposed error of omission in the charge of the court, it is well settled by repeated decisions in this State that in offenses of this character (theft from the person) the punishment is not graded by the value of the property taken as in ordinary theft, but the offense is *per se* a felony if the article taken be of any value, and that, therefore, it is neither necessary to allege or prove the value of the property taken. Penal Code, art. 744; Bennett v. The State, 16 Texas Ct. App., 236; Shaw v. The State, 23 Texas Ct. App., 493; Willson's Crim. Stats., sec. 1312.

But it is insisted that the evidence does not support the conviction.

Our statute provides that " to constitute the offense it is necessary that the following circumstances concur:

" 1.    The theft must be from the person; it is not sufficient that the property be merely in the presence of the person from whom it is taken.

" 2.    The theft must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away.

" 3.    It is only necessary that the property stolen should have gone into the possession of the thief; it need not be carried away in order to complete the offense." Penal Code, art. 745.

Tolliver, the owner of the stolen money, in his testimony as to the transaction, says: "I felt some one touch my pocket which contained the purse, and this attracted my attention.    Looking around quickly I saw John Green's (defendant's) hand passing from my pocket to his, and saw in his hand my purse containing the money, etc.    I said nothing to defendant, hoping and believing he was in jest, and would soon return my purse and money."    Defendant did not return the money, but shortly after started to leave the place, when Tolliver accused him of having taken it, which charge he denied.    The purse was found lying upon the ground at the place defendant was standing when Tolliver stopped him and charged him with having taken it.    When found and recovered by Tolliver a $5 bill had been taken out of the purse.

The contention is that Tolliver *knew* that defendant had taken the

purse, and by resistance could have prevented him from carrying it away, and that this being so, the crime was not theft from the person under the latter clause of subdivision 2 of the statute.

But it is to be noted that at the time Tolliver saw him he had already taken the purse without Tolliver's knowledge, and suddenly. He had it already in his possession; and under subdivision 3 of the statute the offense was complete—it was not necessary that it should be carried away. This case is not like the case of Kerry v. The State, 17 Texas Court of Appeals, 178, where the money was forcibly taken from the hands of Brewer, and with his knowledge, but so suddenly as not to allow time to make resistance before it was carried away. In that case the taking was in the presence of Brewer; the property was taken suddenly and forcibly from his person, and when he knew of the taking at the very time it was being done. In such a case the act must be so sudden as not to admit of resistance to the taking and carrying away—that is, before the taking is complete.

In Flynn v. The State, 42 Texas, 301, the pocket book in the pocket of the owner was seized by the accused, who inserted his hand into the pocket without the knowledge or consent of the owner. He had drawn the book half way out of the pocket, when, upon being detected in the act, the accused relinquished his hold upon it, and it was held that these facts constituted theft from the person under our statute.

In Dukes's case, 22 Texas Court of Appeals, 192, it is said that "in theft from the person, as in other thefts, the offense is complete when the property has gone into the possession of the thief. It is not essential to the completion of the offense that the property be carried away by the thief. * * * A *taking* of the property includes *a carrying away* thereof within the meaning of the statute. If the property was *taken* so suddenly as not to allow time to make resistance, it was also *carried away* so suddenly as not to allow time to make resistance. Such we hold to be the meaning and intent of the statute, construing its several provisions together."

The fact that Tolliver knew defendant had taken the purse after it had already gone into defendant's possession suddenly, and without his, Tolliver's, knowledge when it was being taken, and that after Tolliver knew of it he might or could by resistance have prevented defendant from then carrying it away, does not alter or affect the case. Defendant's offense was complete, because before Tolliver knew it the property had been taken by and was in the defendant's possession.

There is no error in the conviction, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.