BILL PENDY v. THE STATE.

*No. 793.    Decided June zz.*

1. **Evidence Not in Rebuttal Admitted Before Argument—Practice.**— Where an indictment charged the surname of the injured party to be Daniels, and the evidence showed his surname to be Daniel, *Held,* that the court did not err in permitting the prosecution to prove, after defendant had closed his testimony, but before the argument was begun, that the injured party was generally called "Daniels," though such testimony was not in rebuttal to any evidence offered by defendant.

2. **Robbery—Constituents of—Refused Instruction.**—Robbery may be committed by assault or violence, as well as by putting in fear of life or serious bodily injury. Penal Code, art. 722. And where the evidence shows only an assault or violence, it is not error to refuse a requested instruction to acquit, unless the jury found beyond a reasonable doubt that the injured party was put in fear of death or serious bodily injury.

APPEAL from the District Court of Victoria. Tried below before Hon. S. F. GRIMES.

This is an appeal from a conviction for burglary, wherein the punishment is assessed at eight years' imprisonment in the penitentiary.

The opinion states the case sufficiently.

No briefs for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of robbery, and his punishment assessed at eight years in the penitentiary. The court did not err in permitting the State to prove, after the defendant had rested his case, that Al Daniel, the injured party, was generally called Al Daniels. The indictment charged his name to be Al Daniels. The objection urged to the admission of this testimony was, that it was not in rebuttal of any evidence offered by the defendant. It did develop, however, during the examination of the witnesses, that his real name was Daniel, and not Daniels, as charged. This evidence was offered and admitted before the argument was concluded or even begun. It was properly admitted. Lott v. The State, 24 Texas Crim. App., 723; Bell v. The State, 25 Texas, 574.

Appellant requested the court to charge the jury, unless they believed beyond a reasonable doubt that appellant took the money by putting the injured party in fear of death or serious bodily injury, they should acquit. This was refused, and we think correctly. This charge was not applicable to any phase of the testimony. The proof is that appellant presented his pistol at the face of Daniels, said, "Give up that money," and took it. Daniels testified, that he did not know whether he was in fear of death or serious bodily injury or not when the pistol was presented and money taken, but that defendant would not have gotten the money but for the pistol. The court charged the jury in regard to a robbery committed by assault and violence. The appellant's contention seems to be, that in order to constitute the crime of robbery, the assaulted party must be placed in fear of death or serious bodily injury. While this state of case, if alleged and proved, would constitute this offense, yet it may as well be consummated by assault or violence as by putting in fear of life or serious bodily injury. Penal Code, art. 722. The court's charge submitted the issues upon the facts adduced, and did not err in refusing the requested instructions.

The evidence fully sustains the conviction, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.