## LOID *v.* THE STATE.

Courts can not take judicial cognizance that a domestic blackberry wine is necessarily intoxicating. Therefore, in a trial under an indictment for selling intoxicating liquor to a minor, it was error to refuse to admit evidence offered by the accused to the effect that the wine sold to the minor was not intoxicating, and to charge the jury as a matter of law that such a drink was an intoxicating liquor.

Argued June 20, — Decided July 18, 1898.

Certiorari. Before Judge Hart. Laurens superior court. April 8, 1898.

The plaintiff in error sold a boy of sixteen years a quart of home-made blackberry wine, and was indicted, tried, and found guilty of selling intoxicating liquor to a minor without authority from his parent or guardian. The boy testified: "I drank the whole quart, and it made me very sick and made me drunk." Defendant offered to prove by several witnesses "that they were well-acquainted with the wine sold by him, and that it was not intoxicating." The trial judge repelled this testimony; refused on motion to rule out what the minor testified as to the effect the wine had on him; and charged the jury "that the State is not required to prove that wine is intoxicating, as it is such a notorious fact that all wines are intoxicating that courts will take judicial cognizance of the fact without proof of the same." These rulings and the verdict of guilty were complained of, in a petition for certiorari, which the judge of the superior court declined to sanction, and defendant excepted.

*J. B. Hicks, H. P. Howard* and *Alex. Akerman*, for plaintiff in error. *H. G. Lewis, solicitor-general,* by *Anderson, Felder & Davis,* contra.

SIMMONS, C. J.  In nearly all the cases in which the question has been made, the courts have held, as matter of law, that alcohol, brandy, whisky, gin, and rum are intoxicating liquors. The reason for so holding is that it is a matter of common knowledge to all persons that these liquors will, when taken in sufficient quantities, produce intoxication. Some courts hold, as matter of law, that lager-beer is intoxicating; others, that this is a matter for determination by the jury. See *Snider* v. *State,* 81 *Ga.* 753. Some courts hold, as matter of law, that wines made from the juice of grapes are intoxicating; others, that this is a question for the jury. Black, Int. Liq. § 5. No court, so far as we have been able to ascertain, has held, as matter of law, that home-made blackberry wine is intoxicating. The intoxicating qualities of such wine do not appear to be so well known or recognized by the people generally. In the case at bar, the defendant offered to prove by several witnesses that they had drunk his wine and that it was not intoxicating. We think, therefore, that until the judicial mind is better informed as to the intoxicating qualities of home-made blackberry wine, it is best for the trial judges to submit the question to the jury.

*Judgment reversed. All the Justices concurring.*