## Jackson *v.* The State.

Per Curiam. 1. The title of the act supplementing the prohibition laws of this State, passed by the General Assembly at its extraordinary session held in the year 1917, approved March 28, 1917 (Acts Extraordinary Session 1917, p. 7), is as follows: "An act to amend and supplement the prohibition laws of this State; to make it unlawful to transport, ship, or deliver in this State, whether from without or from within the State, any spirituous, vinous, malt, or fermented liquors, or other intoxicating liquors or beverages, except alcohol and wine under certain restrictions and limitations; to make it unlawful to have, receive, possess or control any such liquors, except alcohol for medicinal, mechanical, and scientific purposes, and wine for sacramental purposes under conditions prescribed; to make it unlawful to distil, manufacture, or make any alcoholic, spirituous, vinous, or malted liquors or intoxicating beverages in this State; to provide for the punishment of violators of the provisions of this act; to provide for the seizure, condemnation, and sale of property used in violation of this act, and for the disposition of the funds arising from such sale; to provide additional fees and costs in cases of conviction for violation of certain provisions of the prohibition laws of this State; to repeal the acts approved November 18, 1915, and of August 19, 1916, and certain portions of the act approved November 17, 1915, and for other purposes." In the body of the act referred to is a clause extending the prohibitory provisions of the act to "any alcoholic compound or malt or liquors whether intended for beverage purposes or not, but which can be diluted, and when so diluted may be used as a beverage and will produce intoxication." *Held:*

(*a*) That the incorporation of the clause quoted from the body of the act does not render the act obnoxious to paragraph 8 of section 7 of article 3 of the constitution of this State (Civil Code, § 6437), which inhibits the passage of any law containing matter different from what is expressed in the title thereof.

(*b*) Nor does that clause render the act violative of the constitutional provision embraced in the paragraph of the constitution referred to, which declares that no law shall pass which refers to more than one subject-matter, although the law also contains a provision extending its prohibition to "any spirituous, vinous, malt, fermented, or intoxicating liquors, or any of the prohibited liquors or beverages" which are defined in the act approved November 17, 1915, which is entitled, "An act to make clearer and more certain the prohibition laws of Georgia," etc. (Acts Extraordinary Session 1915, p. 77).

(*c*) Nor does the clause, "or any alcoholic compound or malt or liquors whether intended for beverage purposes or not, but which can be diluted, and when so diluted may be used as a beverage and will produce intoxication," etc., render the act obnoxious to the paragraph of the constitution of this State which declares that protection to person and property is the paramount duty of government, and shall be impartial and complete (Civil Code, § 6358).

(*d*) Nor does it render the act void because violative of the due-process clause of the constitution of this State.

2. There was evidence to support both of the counts of the indictment, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 690. SEPTEMBER 10, 1918.

Indictment for violating liquor law. Before Judge Smith. De-Kalb superior court. August 18, 1917.

*L. S. Hulbert,* for plaintiff in error.

*George M. Napier, solicitor-general,* contra.

*Judgment affirmed. All the Justices concur.*