## Saddler *v*. The State.

Fish, C. J. That part of the "prohibition law" contained in the act of 1917 (Acts 1917, Ex. Sess., p. 7, sec. 1) which declares it to be a misdemeanor for one to have, control, or possess any alcoholic, spirituous, malt, or intoxicating liquors, or other liquors which if drunk to excess will produce intoxication, is not violative of any of the constitutional provisions set forth in the demurrer to the accusation in this case; and the judgment overruling the demurrer is sustained. *Cureton* v. *State,* 135 *Ga.* 660 (70 S. E. 332, 49 L. R. A. (N. S.) 182); *Delaney* v. *Plunkett,* 146 *Ga.* 547, 550 (91 S. E. 561, L. R. A. 1917D, 926, Ann. Cas. 1917E, 685); *Barbour* v. *State,* 146 *Ga.* 667, 668 (92 S. E. 70); *Jackson* v. *State,* ante, 351 (96 S. E. 1001).

*Judgment affirmed. All the Justices concur.*

No. 805. October 15, 1918.

Accusation of misdemeanor. Before Judge W. H. Hammond. City court of Thomasville. January 8, 1918.

An accusation filed in a city court charged that the accused was guilty of a misdemeanor, for that on October 6, 1917, he "did unlawfully have, possess, and control alcoholic, spirituous, malt, and intoxicating liquors and other drinks which if drunk to excess will produce intoxication." A general demurrer to the accusation was filed, on the ground that so much of the statute (Acts Ex. Sess. 1917, p. 7, sec. 1) as the accused is charged with having violated is unconstitutional and void, for the following reasons, viz.: (*a*) The statute contravenes that portion of the constitution of the United States which provides that "The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States," in that the statute deprives the accused of "having intoxicating liquors as citizens in other States are allowed under reasonable regulations to have the same." (*b*) The statute

"is contrary to Article 9 of Article 8 headed Amendments, Code of Georgia, section 6692, providing: 'The enumeration in the constitution of certain rights shall not be construed to deny or disparage others retained by the people.' That the statute denies that defendant the right to have intoxicating liquors for any use or purpose." (c) "Article 14 Section [1], Code of Georgia, section 6700, provides: 'All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States, and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.' " The statute "under which the accusation against this defendant is based is contrary to this provision, as said statute seeks to abridge the privileges and immunities of citizens of the United States, in that it deprives him of the right to have intoxicating liquors in any quantity, or for any use or purpose. It also deprives him of property in a commodity which is recognized and has been recognized as property from time that man's mind runneth not to the contrary." (d) The statute is repugnant to that provision of the constitution of this State (Civil Code, § 6381) which declares, "All citizens of the United States, resident in this State, are hereby declared citizens of this State; and it shall be the duty of the General Assembly to enact such laws as will protect them in the full enjoyment of the rights, privileges, and immunities, due to such citizenship." The statute is contrary to this principle, as it "is not such a law as protects him in the full enjoyment of the rights, privileges, and immunities due to his citizenship, the defendant having the right and the privilege to have intoxicating, spirituous, malt, vinous, fermented, and alcoholic liquor, and malt and alcoholic compound, and to be immune from punishment, provided he uses them in a legitimate way and not to the detriment of society." (e) The statute is violative of the provision of the State constitution (Civil Code, § 6394) which declares: "The enumeration of rights herein contained as a part of this constitution shall not be construed to deny to the people any inherent rights which they have hitherto enjoyed." The statute "denies to the people the inherent right which they have hither-

to enjoyed, to wit: to have, control, and possess spirituous, alcoholic, fermented, vinous, and intoxicating liquors for medicinal and culinary use." (*f*) The statute contravenes the provision of the State constitution (Civil Code, § 6450) which declares: "The General Assembly shall have power to make all laws and ordinances consistent with this constitution, and not repugnant to the constitution of the United States, which they shall deem necessary and proper for the welfare of the State." "The legislature enacting the statute exceeded their powers, as they have no right or authority to pass laws depriving people of their inherent rights in property, nor have the right to pass a law providing that intoxicating liquors, spirituous, malt, fermented, or vinous or alcoholic malt compounds or liquors, whether intended for beverages or other purposes, but which can be diluted, and when so diluted will produce intoxication, are not property, and that no person, shall have, control, or possess the same." (*g*) The statute is repugnant to the provision of the State constitution (Civil Code, § 6606) which declares: "All rights, privileges, and immunities which may have been vested in, or accrued to, any person or persons, or corporation, in his, her, or their own right, or in any fiduciary capacity, under and in virtue of any act of the General Assembly, or any judgment, decree, or order, or other proceeding of any court of competent jurisdiction in this State, heretofore rendered, shall be held inviolate by all courts before which they may be brought in question, unless attacked for fraud." The statute "is contrary to this principle, in that it interferes with his right and privilege and immunity from prosecution to have intoxicating liquors which are vested in him inherently and which he has always or the people generally had the right to possess, provided they did not keep it for unlawful purposes; and these rights or privileges can not be taken away by an act of the legislature, as it is provided that they shall be held inviolate by all courts before which they may be brought in question."

*J. M. Austin,* for plaintiff in error.

*H. J. MacIntyre, solicitor,* contra.