## J. L. Trammel v. The State.

No. 9301.    Delivered November 18, 1925.

Rehearing denied January 27, 1926.

**1.—Transporting Intoxicating Liquor—Evidence Conflicting—Issue for Jury.**

Where, on a trial for transporting intoxicating liquor, appellant having been found in an automobile containing forty-one gallons of alcohol, the evidence for the state identifying same as grain alcohol, that of appellant that it was denatured alcohol, unsuited for consumption as a beverage, the issue having been correctly presented by the court in his charge to the jury, their decision of the matter will not be disturbed by this court.

**2.—Same—Evidence—Impeaching Appellant—Properly Admitted.**

Where an appellant testifies as a witness in his own behalf it has been uniformly held by this court that the state may prove by him on cross-examination that he has been indicted for a felony theretofore, as affecting his credibility as a witness.

**3.—Same—Election by State—Not Necessary When.**

Where an indictment in two counts charges the possession for the purpose of sale, and the transportation of intoxicating liquor, the state is not required to elect between such counts, but both may be submitted to the jury, with the qualification that they cannot convict upon but one count, and the verdict must show upon which count the conviction is found.    Following Smith v. State, 90 Tex. Crim. Rep. 273 and other cases cited.

### ON REHEARING.

**4.—Same—Alcohol—Recognized as Intoxicating—And Spirituous Liquor.**

The weight of authorities seems to be to the effect that unless otherwise made by the language or provisions of the Statute, alcohol will be included in the term "spirituous and intoxicating liquor." It is now judicially recognized that alcohol is a spirituous and intoxicating liquor. Following Marks v. State, 159 Ala. 71 and other cases cited. Distinguish-

ing Chavez v. State, 275 S. W. 1006. Also see Joyce on Intoxicating Liquor, Sec. 17 p. 18; Woolen & Thornton's Law of Intox. Liquor, Vol. 1, Sec. 10.

Appeal from the District Court of Mitchell County. Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*McLean, Scott & Sayers,* of Fort Worth, for appellants.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is transporting intoxicating liquor, punishment fixed at confinement in the penitentiary for a period of two years.

Appellant was arrested while driving upon the public highway an automobile in which there were forty-one gallons of alcohol. The alcohol was locked up in the back of the car. When first accosted appellant insisted that he had nothing objectionable in his car, and declared that he had no key to the part of it in which the alcohol was afterwards found. He ultimately stated to the officer: "Well, you have got me; I am loaded with alcohol." The State's witness testified that he examined the alcohol, tasted it and smelled it; that he identified the contents of the can which was opened as alcohol. Upon cross-examination, the witness was interrogated with reference to denatured alcohol. He said that he had smelled but had never tasted denatured alcohol; that the liquid had a sickening, sweet scent to it, different from that of alcohol.

A graduate pharmacist and chemist was called by the appellant who stated that he was familiar with the various kinds of alcohol; that denatured alcohol was grain alcohol with formaldehyde in it and could not be used as a beverage; that it was not made for beverage purposes or for medicine. The witness had had occasion to smell grain alcohol which could be used as a beverage; he had also smelled denatured alcohol and thought that there was no difference in the odor of the two. Upon cross-examination, the witness tasted the liquid in question and said that it tasted like alcohol though he had never tasted denatured alcohol. The witness also said that he would not say that the article in question was not usable as beverage alcohol.

Appellant testified that he was an automobile mechanic; that he owned the car which he was driving. He said that he understood that the forty-one gallons of alcohol which he had in his car was denatured alcohol, and believed it to be so at the time it was placed therein. According to his testimony, it was put in the car by Pat Harrison, at El Paso, who stated at the time: "You can't get into any trouble over this, for this is poison." Upon that assurance, appellant agreed to take the alcohol to Fort Worth for a certain consideration. It seems that Pat Harrison was arrested at the same time or about the same time, he driving another automobile.

The issues raised by the evidence touching the nature of the fluid seem to have been submitted to the jury in an unobjectionable manner. The jury was told that if they believed the fluid was denatured alcohol, or if the appellant believed it to be denatured alcohol, or if upon those subjects there was a reasonable doubt in the minds of the jurors, there should be an acquittal.

Appellant testified in his own behalf. The proof of the indictment for a felony was admissible upon the issue of credibility. As stated above, however, there is no complaint of the receipt of such testimony presented in a manner that can be considered. If the jury believed the liquid to be grain alcohol, further proof that it was intoxicating liquor was not required. In refusing the special charge to that effect there was no error committed.

The complaint of the refusal to require an election seems untenable. The first count charged the possession of spirituous liquors for the purpose of sale. The second count charged the transportation of spirituous liquor capable of producing intoxication. There was but a single transaction. The court instructed the jury that a conviction could not be had on more than one count. The verdict shows that the conviction was on the second count. Smith v. State, 90 Tex. Crim. Rep. 273; Hooper v. State, 94 Tex. Crim. Rep. 278; Mathis v. State, 97 Tex. Crim. Rep. 222. The evidence is deemed sufficient to warrant the finding that the liquid was grain alcohol and not denatured alcohol. Our Statute (Art. 588½b, Vernon's Complete Statutes, 1920), seems to classify alcohol as one of the liquors within the prohibition. This court has held that alcohol is a known intoxicant. See Branch's Ann. Tex. P. C., Sec. 1237; Rucker v. State, 24 S. W. Rep. 902.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It was charged against appellant that he transported "spirituous" liquor capable of producing intoxication. The liquor was alcohol. He defended on the ground that it was denatured alcohol. This issue was determined against him. The jury found the alcohol was such as could be used for beverage purposes. The point is now made that there being no proof that alcohol was a spirituous liquor the conviction must fall, citing Chavez v. State, 275 S. W. 1006 as supporting the contention. In that case we were dealing with "tequila", here we are dealing with a liquor which has been the subject of discussion by text writers and the courts. In Joyce on Intoxicating Liquors, Sec. 17, p. 18, it is said, "The weight of the authorities seems to be to the effect that, unless otherwise made by the language or provisions of the Statue, it (alcohol) will be included in the term 'spirituous' and 'intoxicating' liquors." Again in Cureton v. State, 135 Ga. 660, 70 S. E. 332, it is held that alcohol is judicially recognized as spirituous and intoxicating liquor. To the same effect is Marks v. State, 159 Ala. 71, 133 Am. St. Rep. 20, 48 South, 864. See also Underhill's Cr. Ev. 3d Ed. Sec. 60; Woolen & Thornton's Law of Intoxicating Liquors, Vol. 1, Sec. 10.

The motion for rehearing is overruled.

*Overruled.*