SAM HUNTER v. THE STATE.

No. 14934.   Delivered December 9, 1931.
Rehearing Denied February 3, 1932.

The opinion states the case.

*Tom B. Bartlett* and *Robt. D. Peterson,* both of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is robbery; penalty assessed at confinement in the penitentiary for five years.

This is the third appeal of this case. See Hunter v. State, 113 Texas Crim. Rep., 90, 18 S. W. (2d) 1084; Hunter v. State, 116 Texas Crim. Rep., 384, 32 S. W. (2d) 851.

According to the testimony of Trinidad Martinez, he was robbed by the appellant and Myrtle Hunter; that there was taken from him by Myrtle Hunter a $5 bill. About an hour later the appellant and Myrtle Hunter were arrested at the abode of Lillie Blain. At the house was found a Ford car that had blood on it. Under the house was a bundle of woman's clothes rolled up, with fresh blood on them.

According to Lillie Blain, the appellant and his female companion (whom the witness called Myrtle Smith) came to her rooming-house in the evening and secured a room. Sometime after dark they stated that they were going to supper. In a short time they returned. An hour or more later officers arrived. The next morning the witness found a bill and a knife under the rug in the room that had been occupied by the appellant and Myrtle.

The appellant's testimony was in substance that he had been going with Myrtle Smith for some time, though he was not married to her. They came to Marlin in a Ford car. While on their way to a cafe for supper, Myrtle stopped at the depot to go to a lavatory. The appellant stopped his car at a filling station near the depot. About ten minutes after Myrtle left the car, she returned with a man following and beating her across the head with a stick. She called for help, jumped into the car, and asked the appellant to drive away, which he did, going back to Lillie Blain's house. At the time she came to the car, as above described, the Mexican was demanding $3 out of the $5 bill. She said: "You give me this $5, and I don't owe you this $3." That, according to the appellant, was what she and the Mexican were fighting over. After they entered Lillie Blain's house, Myrtle gave the appellant a $5 bill and a knife and requested that he place them under the rug. In that connection Myrtle stated that she had cut a Mexican and was afraid that she was going to be arrested, and that she wanted no evidence upon her person. After putting the money and the knife under the rug, the appellant went to bed. About three hours later, the officers appeared and arrested him. He denied any part in the robbery or in the offense. He claimed in his testimony that he took no part in the struggle between Myrtle and the Mexican but merely drove the car to Lillie Blain's house after Myrtle entered it.

By way of bills of exception a number of complaints are addressed to the rulings of the court.

The indictment charging robbery of $5 in money, an averment of value was unnecessary. See Branch's Ann. Tex. P. C., sec. 2389; Kelley v. State, 34 Texas Crim. Rep., 413, 31 S. W. (2d) 174.

The criticism of the indictment because of the omission of the words "putting in fear" is untenable. The indictment is in the approved form. See Branch's Ann. Tex. P. C., sec. 2379, and authorities there cited.

The complaint of the alleged leading questions in bill of exception No.

3 cannot be sustained.* The questions are not regarded as leading, but if so, it is not shown that in permitting them the court was not acting within his discretion. See Branch's Ann. Tex. P. C., sec. 159, and many cases collated, including Montgomery v. State, 4 Texas App., 142.

There are several bills of exception complaining of the charge of the court and the refusal of requested charges. In our examination of them, in connection with the court's charge, we have failed to perceive any fault which would authorize a reversal of the judgment. Counsel for the appellant has not favored us with a brief drawing attention to any precedent which would condemn the charge as insufficient in any particular. A detailed discussion of the various complaints of the charge is deemed unnecessary, and it is therefore pretermitted.

In bill of exception No. 15, there is presented the appellant's contention that his rights were transgressed in receiving evidence that he had previously been convicted of a felony in Hidalgo county. The appellant having become a witness in his own behalf, the state was privileged, as a means of impeachment, to make proof of his previous conviction of a felony unless prohibited by the remoteness of the conviction or some other exceptions to the rule. See Branch's Ann. Tex. P. C., p. 101, sec. 167, and cases cited; also Vernon's Ann. Tex. C. C. P., 1925, vol. 2, p. 732, note 15; Burkhalter v. State, 93 Texas Crim. Rep., 504; 247 S. W., 539; Trammel v. State, 103 Texas Crim. Rep., 46, 279 S. W., 277. The claim of remoteness was not made; nor would it have been tenable under the facts proved. Reliance is had, however, upon the provisions of the suspended sentence law, particularly articles 779 and 780, C. C. P., 1925. Apparently, it is thought that the appellant is mistaken in assuming that there is aught in the statutes mentioned which would preclude the state from making proof, by way of impeachment, of his previous indictment in Hidalgo county in 1926. After the court had ruled the proof admissible, the appellant testified that he was indicted for a felony in Hidalgo county in April, 1926; that he was given a suspended sentence which had expired. It becomes apparent that the proof that the appellant had been convicted and given a suspended sentence came voluntarily from him and not from the state. The position taken by the appllant in this court is that at the time of the present trial limitation had barred his suspended sentence and that he had been discharged from its effect. An effort was made by the appellant to establish this contention by the certificate of the trial judge that the five years' duration of the suspended sentence had elapsed, and that there was against him no further charge in the case. It is demanded by the statute, article 780, supra, that the order of the court discharging one under a suspended sentence be predicated upon the affidavit of the accused "that he had not been convicted of any other felony". It affirmatively appears from the bill of exception that such affidavit and application were not made. Moreover, the indictment

upon which the present conviction is founded has been pending since the 9th day of November, 1928, and it has been held that under the statute, article 779, supra, one under a suspended sentence may not be discharged while there is pending against him another indictment for a felony. See opinion of this court written by Presiding Judge Davidson in Ex parte Coots, 85 Texas Crim. Rep., 337, 212 S. W., 173. See also Herrin v. State, 97 Texas Crim. Rep., 495, 262 S. W., 486.

No error having been pointed out or perceived, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant brings forward in his motion almost every ground originally urged for reversal. The substance of each complaint is noticed in our observations.

To describe the property as "Five dollars in money" is sufficient. Green v. State, 28 Texas App., 495, 13 S. W., 784; Otero v. State, 30 Texas Crim. App., 455, 17 S. W., 1081.

The indictment herein alleged that appellant made an assault, and by means of said assault, etc. It is uniformly held that robbery may be committed in either of the three ways set out in the statute; that is, first, by assault, second, by violence, and, third, by putting in fear of life or bodily injury. It is sufficient to allege any one of said three methods, and it is not necessary to allege all of them. Bond v. State, 20 Texas App., 421; Pendy v. State, 34 Texas Crim. Rep., 643, 31 S. W., 647.

The state's evidence affirmatively showed that appellant held the injured party while Myrtle Hunter took from him money. The woman cut said injured party during the transaction. She concealed his money. Appellant aided her throughout. There was no need for a charge on principals, or a definition of the word "fraudulent", of any specific charge different from that given ordinarily presenting the proposition of an assault.

The fact that the state proved by appellant while a witness that he had been indicted for murder, is in conformity with all the precedents. We fail to see any affirmative defense presented by appellant. The court instructed the jury in positive terms that if appellant did not hold the injured party at the time he was robbed, or if the jury had a reasonable doubt thereof, they should acquit. The facts presented by the state witnesses established an assault, completely made out the robbery, and that appellant was present doing his part in the commission of the offense.

The motion for rehearing will be overruled.

*Overruled.*