Winn v. State.

2. Exception in statute.

3. Local option: Prohibitory order.

The judgments are affirmed.

---

## WINN v. STATE.

1. PRACTICE : *Suspension of trial for evidence.*
   The suspension of a trial after it is begun to obtain further evidence, is within the sound discretion of the court.

2. LIQUOR : *Selling alcohol.*
   Under an indictment for selling liquor in violation of the Three

Mile Law of March 21st, 1881, the defendant could be convicted on proof of selling alcohol, when it was plain that it was a mere subterfuge for evading the law.

APPEAL from *Franklin* Circuit Court.
Hon. G. S. CUNNINGHAM, Circuit Judge.

*C. B. Moore, Att'y Gen'l*, for the appellee.

The instructions are not embodied in the bill of exceptions, nor does the record show any restriction of the counsel to a five minute speech.

It was within the sound discretion of the court to suspend the trial to procure evidence of the prohibitory order. *Johnson v. State*, 32 *Ark.*, 309.

The evidence clearly shows that appellant kept an *alcohol saloon* with all its paraphernalia and appliances, and it was a mere subterfuge to evade the law. *State v. Witt*, 39 *Ark.*, 216.

The alcohol was sold as a beverage to be drunk on the premises, and he was properly convicted of selling intoxicating liquors, etc.

SMITH, J.   Winn was indicted by the Grand Jury of Johnson County for selling intoxicating liquors within three miles of the public school-house in the town of Coal Hill, after the County Court had made an order prohibiting such sales. Upon his application the venue was changed to Franklin, where he was tried, convicted and fined $25. His motion for a new trial contains five grounds:

1 and 2.   That the verdict was contrary to the evidence and the law;

3.   Misdirection of the jury;

4.   Error of the court in suspending the trial, after the jury were sworn, until record evidence could be procured from Johnson County that a prohibitory order had been made

for the territory within three miles of the school-house in question.

5. Error in limiting the argument of one of the counsel to five minutes.

Of the third and fifth assignments, nothing more needs to be said than that no part of the charge of the court is embodied in the bill of exceptions; and the record does not disclose the fact that the court imposed any restriction upon counsel as to the time to be consumed in argument.

4. The suspension of proceedings after a trial is begun, to enable one of the parties to procure additional testimony, is a matter within the sound discretion of the court. *John-son v. State*, 32 *Ark.*, 309. Morever, the defendant, in order to prevent the delay incident to procuring further evidence, admitted that, previous to the sales charged in the indictment, the order of prohibition had been made by the County Court in pursuance of the Act of the Legislature and had been entered of record.

1. PRAC-TICE: Suspending trial for evidence.

This only leaves the first and second grounds of the motion to be considered. The evidence shows that the intoxicating liquor sold was alcohol and that the sales were made prior to the passage of the Act of March 26, 1883, which is aimed at the sale of alcohol as well as of ardent, vinous and malt liquors. In *State v. Martin*, 34 *Ark.*, 340, and in *State v. Witt*, 39 *Id.*, 216, this court held that alcohol was not within the purview of the laws regulating the sale of ardent and vinous spirits. But in the last named case it was intimated that, upon an indictment for selling liquor, a conviction might be had upon proof of the sale of alcohol, where it was plain that it was a mere subterfuge of the liquor-seller for evading the law.

2. LIQUOR: Selling alcohol.

Now the case there supposed is precisely the present case. The defendant kept an alcoholic saloon, with all the conveniences and appliances of a dram shop—sugar, hot and cold

water—spoons and tumblers; but the only intoxicant sold was alcohol, which was prepared in the shape of toddies, punches, etc., according to the tastes of customers. It was sold over the counter in small quantities to be drunk upon the premises. And the proof is unmistakable that the defendant's customers sought it is an intoxicating beverage and an excellent substitute for whiskey.

Affirmed.