STATE v. T. KOLLAR.

No. A-3023.    Opinion Filed Jan. 31, 1920.

(186 Pac. 968.)

(Syllabus.)

1.    INTOXICATING   LIQUORS — Unlawful   Possession — Alcohol —"Spirituous, Vinous, Fermented, and Malt Liquors." Alcohol is within the definition of spirituous, vinous, fermented, and malt

liquors prohibited from sale, etc., within this state, and the possession of such intoxicating liquor with intent to sell the same, except in the manners specifically provided and for the purposes allowed by the Constitution and subsequent statutory enactments in furtherance thereof, is a crime against the laws of this state.

2. **SAME—Information—Sufficiency.** For information held to state sufficiently the facts necessary to constitute the offense of unlawful possession of alcohol with intent to sell the same unlawfully, see body of opinion.

3. **EVIDENCE—Judicial Notice—Intoxicating Nature of Alcohol.** Courts will take judicial notice that alcohol is an intoxicating liquor.

*Appeal from County Court, Canadian County; R. B. Forrest, Judge.*

T. Kollar was charged with unlawfully possessing intoxicating liquors, and from a judgment sustaining a demurrer to the information, the State appeals. Reversed.

*S. P. Freeling,* Atty. Gen., *R. McMillan,* Asst. Atty. Gen., and *E. F. Maley,* Co. Atty., for the State.

*J. I. Phelps,* for defendant in error.

MATSON, J. On the 16th day of April, 1917, E. F. Maley, as county attorney of Canadian county, filed in the county court of said county an information against one T. Kollar, the charging part of which is as follows:

"That one T. Kollar, late of the county of Canadian and state of Oklahoma, on or about the 14th day of April, in the year of our Lord one thousand nine hundred and seventeen, at and within said county then and there being, did then and there willfully and unlawfully have possession of intoxicating liquors, to. wit, four quarts alcohol, with the unlawful intent to then and there sell, barter, give away, and otherwise furnish the same to others unlawfully, contrary to the form of the statute in such case

made and provided, and against the peace and dignity of the state."

The defendant was arrested and brought before the court, and as a plea to said information filed a demurrer upon the following grounds:

"That the same does not charge facts sufficient to show that the laws of the state of Oklahoma had been violated.

"That the same does not charge a violation of the laws.

"That the same is indefinite, uncertain as to the facts attempted to be charged.

"That the same is not drawn and presented as provided by law."

On the 22d day of May, 1917, the said cause coming on for hearing upon the demurrer of the defendant to the information, the trial court found that said information did not state facts sufficient to constitute a public offense, and that the said demurrer of the defendant should be, and the same was, sustained. The trial court thereupon ordered and adjudged that the demurrer of the defendant be sustained, and that the defendant be discharged, to which ruling the state excepted, and exceptions were allowed, and an appeal prayed to this court, and said appeal has been properly perfected in the manner provided by law.

The question to be decided, therefore, in this appeal is a reserved question of law purely, namely: Do the allegations of the facts contained in the foregoing information constitute a public offense under the laws of this state?

The information is based upon section 3605, Revised Laws 1910, which in part provides as follows:

"It shall be unlawful for any person, individual or cor-
porate, to manufacture, sell, barter, give away, or other-
wise furnish except as in this chapter provided, any spir-
ituous, vinous, fermented or malt liquors, or any imitation
thereof or substitute therefor; or to manufacture, sell,
barter, give away, or otherwise furnish any liquors or com-
pounds of any kind or description whatsoever, whether
medicated or not, which contain as much as one-half of
one per cent. of alcohol, measured by volume, and which
is capable of being used as a beverage, * * * or to have the
possession of any such liquors with the intention of violat-
ing any of the provisions of this chapter."

The information charges the defendant with the pos-
session of four quarts of alcohol, and it is the contention
of the state that alcohol is included within the definition of
"spirituous, vinous, fermented or malt liquors," which are
prohibited from sale, and also from possession with intent
to sell.

Counsel for defendant contends to the contrary, stat-
ing in the brief filed, in substance, that the term "spirit-
uous, vinous, fermented or malt liquors" must be construed
not to include alcohol, but only of such kind of liquors
as whisky, brandy, rum, gin, wine, beer, ale, and fermented
cider, which contain alcohol, and are well-known intoxicat-
ing beverages, contending that it was the intention of the
Legislature to prevent the sale and use of such liquors as
a beverage, and not the sale of pure alcohol, and that the
information is insufficient to state an offense without the
additional allegation that the alcohol possessed by the de-
fendant was such as was capable of being used as a bever-
age in its then condition.

The trial court concurred in the construction of the
law contended for by counsel for the defendant, and sus-

tained the demurrer to the information upon that ground.

It is evident upon a careful consideration of the provisions of section 3605 that the Legislature intended to prohibit the possession with intent to sell of any kind of spirituous, vinous, fermented, or malt liquors. The provision of said section "and which is capable of being used as a beverage" refers to liquors and compounds which, although medicated, contain as much as one-half of one per cent. of alcohol, measured by volume.

In the case of *Sellers v. State,* 11 Okla. Cr. 588, 149 Pac. 1071, this court, where the question here under consideration was not directly involved, sanctioned the seizure of alcohol as being within the purview of the statute against the possession of spirituous, vinous, fermented, or malt liquors, although the judgment in that case was reversed upon another ground. Other cases in which judgments of conviction for violation of the prohibitory liquor laws were involved, and in which alcohol constituted a part of the liquors seized, and which have been sustained on appeal by this court, might be cited, although the question of whether or not pure alcohol came within the purview of the statute was not directly passed upon; such question never having been directly raised in any previous appeal.

It is apparent, however, from a consideration of such cases, although not directly decided, that this court has in the past always considered alcohol to be within the purview of section 3605, *supra,* prohibiting the manufacture, sale, etc., and possession with intent to sell unlawfully, spirituous, vinous, fermented, or malt liquors.

By the prohibition ordinance separately adopted at the time of adoption of the Constitution the people of this

state prohibited the sale, barter, giving away, or other-
wise furnishing of "intoxicating liquors of any kind," ex-
cept as otherwise provided therein, and by the same ordin-
ance it was provided that the Legislature might there-
after provide for the sale of denaturized alcohol for in-
dustrial purposes, and for the sale of alcohol for scientific
purposes to scientific institutions, universities, and col-
leges, and also for the sale of alcohol for medical purposes
and to apothecaries for purposes of compounding prescrip-
tions and other medicines, etc. The prohibition ordinance
limited the purposes for which alcohol might be sold and
distributed, but left it open for future legislative action to
determine the method of sale and distribution within the
limitations provided.

Subsequently the Legislatures of this state have en-
acted statutes making effective the terms of said prohibi-
tory liquor ordinance relative to the sale and distribution
of alcohol in strict conformity with the intention of the
people when adopting said prohibition ordinance; the last
expression of the legislative will being contained in chapter
70, Session Laws 1910-11, p. 154.

Courts take judicial notice that alcohol is an intoxicat-
ing liquor. It forms the basic principle, the intoxicating
principle, of all spirituous, vinous, fermented and malt liq-
uors. It is a constituent element in each of said liquors.
Pure alcohol may be easily diluted so as to be capable of
being used freely as a beverage. To hold that the people,
in adopting the prohibition ordinance, and the Legislature,
in enacting statutes to make prohibition effective in this
state, intended only to prohibit the sale of such intoxicat-
ing liquors containing alcohol which were capable of being

used as a beverage in the form in which sold, and did not intend to prohibit the sale of pure alcohol for beverage purposes, would open the way for persis'tent unlawful sales of alcohol in its original state, and would absolutely render nugatory those provisions of the Constitution and the subsequent statutes providing specifically the manner in which pure alcohol should be sold, distributed, and used within this state, to wit, denaturized alcohol for industrial purposes and grain alcohol for scientific purposes to scientific institutions, universities and colleges, and also to apothecaries for the purpose of compounding prescriptions and other medicines, etc. Said constitutional and statutory provisions relative to the sale and distribution of alcohol must be construed to exclude the sale of such product by persons unauthorized, and except in the manner specifically provided. That the defendant came within the class of persons authorized to possess alcohol for a lawful purpose would be a matter of defense not necessary to be pleaded in the indictment or information, as matters purely of defense need not be pleaded. *Penn v. State,* 13 Okla. Cr. 367, 164 Pac. 992, L. R. A. 1917E, 668, and cases cited.

Alcohol in any form is the product either of distillation or fermentation. It is, therefore, in our opinion, clearly within the purview of a statute which prohibits the sale of spirituous or fermented liquors for purposes other than heretofore enumerated.

It is the opinion of the court, therefore, that the trial court erred in sustaining the demurrer to the information in this case on the ground that it did not state a public offense.

The trial court made no order authorizing or directing a new information to be filed charging the offense. For

a discussion of the proposition as to the finality of the trial court's judgment sustaining the demurrer to the information, and the right of the state to further prosecute, in the absence of express authorization or direction to that effect by the trial court, see opinion of this court in *State v. Vaughn,* 15 Okla. Cr. 187, 175 Pac. 731.

For the reasons stated, the judgment of the county court of Canadian county sustaining the demurrer to the information in this case, for the reason that the same did not state a public offense, is reversed.

DOYLE, P. J., and ARMSTRONG, J., concur.