## HAMILTON v. STATE OF INDIANA.

[No. 23,816.   Filed January 13, 1922.]

INTOXICATING LIQUORS.—*Sale of Wood Alcohol.—Applicability of Prohibition Act.*—The sale of wood alcohol, in the absence of any evidence tending to show that it was sold or reasonably likely or intended to be used as a beverage, is not an offense under the Prohibition Act (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918.)

From Marion Criminal Court (50,696); *James A. Collins,* Judge.

Prosecution by the State of Indiana against James Hamilton.   From a judgment of conviction, the defendant appeals.   *Reversed.*

*Clyde Karrer, Carl Schoeneman* and *Richard L. Ewbank,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

WILLOUGHBY, J.—This was a proscution by the appellee against the appellant for an alleged violation of the Prohibition Law.   The prosecution was upon an affidavit in five counts.   The first count alleged the sale of whiskey, gin, wine and beer, and wood alcohol.   The second, third, fourth and fifth counts of the affidavit alleged offenses only as to whiskey, gin, wine and beer.

There was no evidence whatever in the case as to any of these liquors, except wood alcohol, and the state does not claim appellants conviction upon either the second, third, fourth or fifth counts of the affidavit.

In appellee's brief the attorney-general says, "The sale of wood alcohol was charged in the affidavit.

Hamilton v. State—191 Ind. 466.

There was no attempt to prove the sale of whiskey, gin, wine, or beer. The sale of wood alcohol was charged and proved." The conviction of the defendant rests entirely upon the first count of the affidavit.

The trial was by the court and the court found the defendant guilty. From a judgment on the finding the defendant appeals. The only question raised by the appellant is the question of the sufficiency of the evidence to support the finding of the court.

It may be conceded that the evidence shows the sale of a half-pint of wood alcohol, to the person named as the purchaser, in the first count of the affidavit and at the time and place named.

There is no evidence tending to show that the wood alcohol was purchased or used for beverage purposes. In fact the evidence shows affirmatively that it was not so purchased or used. The question then arises whether wood alcohol falls within the prohibition statute.

Section 2 of the Prohibition Law, Acts 1917 p. 15, §8356a et seq. Burns' Supp. 1918, defines the words "intoxicating liquor" as follows:

"The words 'intoxicating liquor' as used in this act shall be construed to mean all malt, vinous, or spirituous liquor, containing so much as one-half of one per cent. of alcohol by volume, or any other intoxicating drink, mixture or preparation of like nature; and all mixtures or preparations containing such intoxicating liquor, whether patented or not, reasonably likely or intended to be used as a beverage, and all other beverages containing so much as one-half (½) of one per cent. of alcohol by volume."

Section 4 of the Prohibition Act (Acts 1917 p. 15, supra) provides that after April 2, 1918, it shall be unlawful for any person to manufacture, sell, barter, exchange, give away, or otherwise dispose of any intoxicating liquor, except as in this act provided.

Section 5 provides that the provisions of this act shall not be construed to prohibit the manufacture and sale of pure grain alcohol for medicinal, scientific or mechanical purposes, or wine for sacramental purposes, or to prohibit the manufacture and sale of denatured alcohol.

An examination of the act shows that unless the sale of wood alcohol is allowed, under the provision for the sale of denatured alcohol, then it would be unlawful for any person to sell wood alcohol for any purpose whatever. If it is included in the provision for the sale of denatured alcohol its sale, as charged in the affidavit in this case, was not unlawful.

The statute includes "all mixtures or preparations containing such intoxicating liquor, whether patented or not, reasonably likely or intended to be used as a beverage."

Is wood alcohol an intoxicating liquor or a mixture or preparation containing intoxicating liquor reasonably likely or intended to be used as a beverage? In *Washington* v. *Takano* (1916), 94 Wash. 119, 162 Pac. 35, the court said: "While wood alcohol is an article which has come into general commercial use only in recent years, its poisonous and dangerous character is well known; it is within the common knowledge of men." That opinion recognizes the fact which we presume will not be denied, that wood alcohol is in general commercial use and it may also be said that such use is not unlawful and we cannot believe that it was the intention of the legislature by the Prohibition Act, *supra*, to make such use unlawful. If wood alcohol is covered by the Prohibition Act, its sale for any purpose is absolutely prohibited.

The attorney-general, in his argument, says: "The question of whether or not wood alcohol is an intoxicating liquor is an interesting one which has not often been before the court for decision, and never in Indiana, so

far as can be learned by diligent search. It is known to be a poison, and at first thought it would be a natural thing to say that it is not intoxicating, for it is a matter of common knowledge that if enough of it is swallowed to produce what is commonly known as intoxication, it is very probable that death would ensue."

In *Commonwealth* v. *Ramsdell* (1881), 130 Mass. 68, the court, in discussing a statute of this kind, says: "But if the article sold cannot be used as an intoxicating drink, it is not within the prohibition of the statute, although it contains as one of its ingredients some spirituous liquor. The sale of such article is not within the mischief intended to be remedied by the statute, nor within the fair meaning of its language."

In *Fabor* v. *Green* (1900), 72 Vt. 117, 47 Atl. 391, the court says, in speaking of wood alcohol: "Such alcohol is obtained by the destructive distillation of wood, is ranked as a narcotic poison, and if drank either pure, adulterated, reduced many times its weight in water, other alcohol or fluid, it kills the person drinking it. It was not intended to be used as a beverage and could not be so used.

"The laws against the illegal traffic in intoxicating liquors were intended to include only such liquors as could be used as a beverage—and to construe the statute as prohibiting the sale of other liquids similar in name but so much more poisonous in nature as to prevent their being used in that way, would be giving it an extraneous and unnatural force not intended."

In support of its contention, the state refers us to *Commonwealth* v. *Lanides* (1921), 239 Mass. 103, 131 N. E. 302. That was a prosecution for keeping for sale intoxicating liquor without a license. The liquor claimed to have been kept for sale was Jamaica ginger. In that case the court says: "And it cannot now be assumed that as matter of law, Jamaica ginger is commonly used

as a liquor for drinking, and therefore is an intoxicating beverage. It is a question of fact whether the preparation is a beverage, and if used extensively for such purposes and is intoxicating, a jury is warranted in finding that it is an intoxicating beverage, although it is called a medicine and is taken by many only for medicinal purposes."

In the instant case there is no evidence tending in any manner to show a sale of anything except wood alcohol. It is not alleged and is not proven that wood alcohol had ever been used as a beverage or sold as a beverage or that it is a liquor reasonably likely or intended to be used as a beverage.

The passage of the prohibition law was brought about to put an end to what was recognized as a great evil. The evil sought to be remedied by this statute was the use of intoxicating liquor as a beverage. We cannot believe that it was the intention of the legislature to stop the sale of and the use of alcohol, either grain or wood alcohol for other than beverage purposes.

The finding is not sustained by sufficient evidence and is contrary to law.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

Ewbank, C. J., and Travis, J., dissent.