## HEDGES v. STATE OF INDIANA.

[No. 24,393. Filed January 11, 1924.]

1. INTOXICATING LIQUORS.—*Jamaica Ginger.—Not within Definition.*—It cannot be said, as a matter of law, from the mere fact that an article kept and sold was "Jamaica ginger" that it was an intoxicating liquor or that it was "reasonably likely or intended to be used as a beverage" within the definition of "intoxicating liquor" in the Prohibition Act. p. 126.

2. INTOXICATING LIQUORS.— *Jamaica Ginger.— Statute.—* In a prosecution under that part of §8356d Burns' Supp. 1921, Acts 1921 p. 736, making it unlawful for any person to knowingly sell at retail for beverage purposes "any preparation containing alcohol" not included in the definition of intoxicating liquors in the Prohibition Act, or to sell the same under circumstances from which the seller might reasonably know that it was to be used for beverage purposes, the State must allege and prove, as an essential element to sustain a conviction, that the preparation sold or kept for sale was a beverage containing at least one-half of one per cent. of alcohol by volume or that such sale was made under circumstances from which the seller might reasonably have known that it was to be used for beverage purposes. p. 127.

3. CRIMINAL LAW.— *Accusation.— Sufficiency.— Statute.—* In a criminal prosecution, the accused is entitled to be informed of the accusation lodged against him by "a statement of the facts constituting the offense in plain and concise language without unnecessary repetition", according to the express terms of the statute, §2040 Burns 1914, Acts 1905 p. 584. p. 128.

4. INTOXICATING LIQUORS.—*Keeping Jamaica Ginger for Sale.— Selling Same.— Affidavit.— Sufficiency.—* In a prosecution for unlawfully keeping Jamaica ginger for sale, an affidavit which merely charges the defendant with keeping intoxicating liquor for sale is insufficient, but it must allege that it contained one-half of one per cent. alcohol by volume and, if sold, that the

sale was made under circumstances that the seller might reasonably have known that it was to be used for beverage purposes. p. 128.

5. INTOXICATING LIQUORS.—*Possession Prima Facie Evidence.*— *Construction.— Statute.*— Section 28 of the Prohibition Act (Acts 1917 p. 15, §8356b1 Burns' Supp. 1921) makes the possession of intoxicating liquor *prima facie* evidence that such possessor is engaged in the sale thereof "except as in this act provided", and when read in connection with §35 of the same act, it appears that the *prima facie* feature becomes pertinent only in case the party so charged was found in possession of more than the quantity in that section exempted. p. 129.

6. INTOXICATING LIQUORS.—*Possession Prima Facie Evidence.*— *Instruction.—Erroneous.—Statute.*—In a prosecution for the unlawful sale of intoxicating liquor, an instruction that if the defendant was found in possession of intoxicating liquor, then the jury should find that he was engaged in the sale of intoxicating liquor as a beverage unless such conclusion was contradicted or overcome by other evidence, was erroneous, where there was no evidence as to the quantity in his possession, the statute making the possession of intoxicating liquor *prima facie* evidence that such possessor was engaged in the sale of intoxicating liquor being interpreted as applying only to the possession of a greater quantity of such liquor than was exempted from the provisions of the Prohibition Act by §35 thereof, §8356b1 Burns' Supp. 1921. p. 129.

From Vanderburgh Circuit Court; *Phillip C. Gould,* Judge.

Prosecution by the State of Indiana against Robert Hedges for selling and keeping for sale Jamaica ginger. From a judgment of conviction, the defendant appeals. *Reversed.*

*E. J. Crenshaw,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant was charged by affidavit, tried and convicted in the court below of violating §1, Acts 1921 p. 736, §8356d Burns' Supp. 1921, amending §4, Acts 1917 p. 15. His motion for a new trial was over-

ruled, and judgment rendered on the verdict of guilty. The action of the court in overruling his motion for a new trial is the only error assigned.

Appellant sought a new trial, alleging insufficient evidence to support the verdict and that the verdict was contrary to law; also that the court erred in giving instructions Nos. 5 and 6 upon its own motion.

The affidavit, in so far as the same is material here, charges that appellant "did then and there unlawfully possess and keep certain intoxicating liquors with the intent to sell, barter, exchange, give away and otherwise dispose of the same to be used as a beverage." This affidavit is predicated upon what may be designated as the second classification of offenses defined by the statute alleged to have been violated. For the purpose of this case, the statute reads: "It shall be unlawful for any person, * * * to possess or keep any intoxicating liquors with intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same, except as in this act provided, * * *."

The attorney-general first directs our attention to the inattentive and bungling manner in which the transcript in this case is prepared. While there is apparent justification for the criticism, yet we feel that legal rights ought not to be prejudiced and contentions refused consideration when, from an examination of a seventy-nine page transcript, the court may readily know that it contains all of the essential prerequisites to present the questions submitted for decision.

Passing to the merits of this controversy, it is to be observed that the material facts are undisputed. Briefly stated, appellant, on November 28, 1922, occupied a room about sixteen feet wide and twenty-four feet long, at the corner of Eighth and Division streets in Evansville, as a soft drink stand and grocery store. One side of this room was fully shelved and otherwise

equipped for and used exclusively for the sale of groceries, patent medicines and household remedies. The other side was used in the sale of soft drinks. Connected with this room was a porch used as a store room where eggs and an additional stock of groceries were kept. A hollow post eight inches square was a part of the porch. On the above date, three police officers of the city of Evansville, with a search warrant, went to appellant's place of business and made a search of the premises, where they found six cartons of Jamaica ginger in the porch column, and bottles of lemon extract and cough syrup in the grocery side of the store room. We find no evidence whatever to sustain a conviction on account of sales of lemon extracts labeled fifty-three per cent. alcohol, or cough syrup labeled ten per cent. alcohol. The conviction in this case rests entirely on the possession and sale of Jamaica ginger shown by the labels on the bottles ninety-three per cent. alcohol, and manufactured by the Walker Products Company of Evansville. The analysis of this product showed eighty-six and four-tenths per cent. alcohol by volume. A witness for the state, who, as a chemist, analyzed this particular Jamaica ginger, testified that it was not fit for beverage uses, and unless it was changed in some form, it could not be drunk at all; that it was a preparation for medicinal and flavoring purposes, as, for instance, in making candies, ice cream, gelatins, custards and for household cooking and medicinal purposes generally; that if drunk in a sufficient quantity, it would produce intoxication. The police officers testified that they knew where appellant kept this Jamaica ginger before they went to search his premises; that he told them at the time of the search that he kept it on the porch to keep it cool, otherwise it might explode, and when a customer called for it, he would go and get it; that he had sold four or five cartons in four days.

One of the officers also stated that since prohibition had gone into effect, Jamaica ginger had been used as a beverage, but whether such was the case in and about Evansville he didn't say. No witness testified to having become intoxicated from drinking Jamaica ginger, or as having seen persons intoxicated, and, from the distinctive characteristics of such intoxication, he was able to say that it was produced by drinking Jamaica ginger, as distinguished from drunkenness caused by drinking other alcoholic liquors, nor was there any evidence tending to show the size of the bottles or the quantity of this liquid contained in a bottle, or whether one, two or more bottles constituted a carton. There was no evidence from which the jury or court could form any opinion as to the quantity of Jamaica ginger possessed by appellant, or any basis from which the quantity sold might be reasonably inferred.

In the 1917, Act 1917 p. 15, §8356a *et seq.* Burns' Supp. 1921, the legislature defined the words "intoxicating liquor," as follows: "Section 2. The words 'intoxicating liquor' as used in this act shall be construed to mean all malt, vinous or spirituous liquor, containing so much as one half of one per cent. of alcohol by volume, or any other intoxicating drink, mixture or preparation of like nature; and all mixtures or preparations containing such intoxicating liquor, whether patented or not, reasonably likely or intended to be used as a beverage, and all other beverages containing so much as one-half (½) of one per cent. of alcohol by volume."

We cannot say, as a matter of law, from the mere fact that the article kept and sold was Jamaica ginger, that it was an "intoxicating drink", or was

1. "reasonably likely or intended to be used as a beverage", within the above definition of "intoxicating liquor." *Commonwealth* v. *Sookey* (1920),

236 Mass. 448, 128 N. E. 788, 11 L. R. A. 1230; *Hamilton* v. *State* (1922), 191 Ind. 466, 133 N. E. 491, 19 A. L. R. 509.

Obviously, the above definition first classifies all intoxicating drinks containing one-half of one per cent. of alcohol by volume as "intoxicating liquor", and secondly, all mixtures or preparations containing one-half of one per cent. of alcohol by volume, not classified as "intoxicating drinks", are within the definition of intoxicating liquor only when they are "reasonably likely or intended to be used as a beverage." Moreover, the 1921 statute, Acts 1921 p. 736, *supra,* recognizes the second classification of the definition by providing that: "And it shall also be unlawful for any person to knowingly sell at retail for beverage purposes any preparation containing alcohol, although such preparation is not included in the definition of intoxicating liquors in this act, or to sell the same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use such preparation for beverage purposes."

All of the evidence herein tends to show, and it must be admitted, that the particular liquor here in question and denominated "Jamaica ginger", in the form prepared and in this instance sold, was not "reasonably likely or intended to be used as a beverage", for, from any view of the evidence, it was not fit for beverage uses and could not be drunk at all without changing the formula of the mixture or preparation by the use of additional elements. In our opinion, that part of the statute last above quoted was intended by the legislature to cover a situation indicated by the evidence in this case, but in a case like that, the state must allege and prove, as an essential element to sustain a conviction, that the preparation sold or kept for sale was a beverage containing one-half of one per

cent. of alcohol by volume, or that such sale was made under circumstances from which the seller might have reasonably known that it was to be used for beverage purposes. Thus, as said in *Commonwealth* v. *Lanides* (1921), 239 Mass. 103, 108, 131 N. E. 302, 303: "It is a question of fact whether the preparation is a beverage, and if used extensively for such purposes and is intoxicating, a jury is warranted in finding that it is an intoxicating beverage, although it is called a medicine and is taken by many only for medicinal purposes."

The charge at bar is keeping for sale intoxicating liquor in violation of another provision of the statute grouping several acts in a single offense, but all 3, 4. relating to intoxicating drinks defined as "intoxicating liquor." The evidence, as we have seen, relates to a mixture or preparation not listed as "intoxicating drink", and hence tended to prove an offense with which appellant was not charged. We are not unmindful of the rule that great certainty in mere description of criminal offenses is not always required, but in every instance, the accused is entitled to be informed of the accusation lodged against him by "a statement of the facts constituting the offense in plain and concise language without unnecessary repetition." §2040 Burns 1914, Acts 1905 p. 584. It is apparent that appellant would not know from reading the affidavit that he was charged with keeping Jamaica ginger for sale as a beverage, nor were there any other circumstances alleged to advise him that it was reasonably probable that the purchasers of the Jamaica ginger were using or intended to use it for beverage purposes.

After resolving all doubts in favor of the judgment of the trial court, it is evident that appellant was convicted of an offense upon evidence tending to support a crime with which he was not charged. Hence, upon the entire record before us, we conclude that the verdict

was not sustained by the evidence, and therefore contrary to law.

By instruction No. 5 the court, in effect, told the jury that the possession of intoxicating liquor was *prima facie* evidence that the possessor was engaged in the sale of such liquor as a beverage. Instruction No. 6 assumed to define the expression *"prima facie* evidence" as used in this case, and then saying, in effect, that if the defendant was found in possession of intoxicating liquor, as alleged in the affidavit, then the jury should find that he was engaged in the sale of intoxicating liquor as a beverage, unless such conclusion was contradicted or overcome by other evidence. These instructions were erroneous. In the first place, §28 of the Act of 1917, Acts 1917 p. 15, *supra,* makes the possession of intoxicating liquor *prima facie* evidence that such possessor is engaged in the sale thereof "except as in this act provided." So that, when this section is read in connection with §35 of the same act, it appears that the *prima facie* feature becomes pertinent only in case the party so charged was found in possession of more than the quantity in this latter section exempted. In this case there was no evidence tending to show the quantity of Jamaica ginger found in appellant's possession, or the quantity sold by him. The instructions were not within the evidence, and misdirected the jury as to the law applicable to the case under the evidence.

The trial court erred in overruling appellant's motion for a new trial.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

Ewbank, C. J., concurs in reversal on ground that erroneous instructions were given.