## ROBINSON *v.* STATE OF INDIANA.

[No. 24,975.   Filed December 18, 1925.]

1. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain conviction for selling intoxicating liquor.*—Evidence *held* sufficient to sustain conviction for selling intoxicating liquor. p. 150.

2. INTOXICATING LIQUORS.—*Instruction as to previous convictions held harmless in view of other instructions.*—In a prosecution for the sale of intoxicating liquor under Acts 1923 p. 70, §1, an instruction reciting the provisions of said section, including the part thereof in reference to conviction on a second or subsequent offense, was harmless where the court instructed the jury that the part of the indictment in regard to previous convictions had been dismissed and was not to be considered.   p. 151.

3. CRIMINAL LAW.—*Correct statement of abstract proposition of law in an instruction not reversible error unless defendant prejudiced thereby.*—The correct statement of an abstract proposition of law in an instruction is not reversible error unless the defendant was prejudiced thereby.   p. 152.

4. INTOXICATING LIQUORS.—*Instruction directing a verdict of guilty if the defendant sold intoxicating liquor and that it was "grain alcohol or grain alcohol cut" was not harmful.*—In a prosecution for selling intoxicating liquor, an instruction that the jury should find the defendant guilty if it found that he sold intoxicating liquor and it was "grain alcohol or grain alcohol cut" to the party named in the indictment, was not harmful to the defendant, as the fact that the alcohol was not pure but had been "cut" by the addition of water would not make the defendant less guilty.   p. 153.

5. CRIMINAL LAW.—*Instruction admonishing jury of the importance of not convicting innocent person and not acquitting defendant if guilty could not be reversible error.*—An instruction which merely admonished the jury of the importance of not convicting an innocent person and of not acquitting the defendant if guilty could not be reversible error.   p. 153.

6. CRIMINAL LAW.—*Question asked of witness on cross-examination whether he had been "court martialed," "tried" and*

"*sentenced*" *to Fort Leavenworth for insubordination objectionable because multifarious.*—A question asked of a witness on cross-examination whether he had been "court martialed," "tried" and "sentenced" to Fort Leavenworth for insubordination was objectionable because multifarious. p. 153.

7. WITNESSES.—*Sustaining objection to question on cross-examination as to whether witness had been court martialed and convicted for insubordination not abuse of discretion in limiting extent of cross-examination.*—Sustaining an objection to a question on cross-examination inquiring whether witness had been "court martialed," "tried" and "sentenced" to Fort Leavenworth for insubordination, *held* not an abuse of court's discretion as to the extent to which a cross-examination shall be carried, and the matters inquired about not being relevant to the case being tried nor to the examination in chief. p. 153.

8. WITNESSES.—*Not error to sustain objection to question as to price paid for liquor where witness had testified as to same fact on direct and cross-examination.*—In a prosecution for selling intoxicating liquor, where prosecuting witness had testified both on direct and cross-examination as to the price paid for the liquor, the court did not err in sustaining an objection to a question on cross-examination again asking as to the price of the liquor, as the court may limit the cross-examination and is not bound to permit the same fact to be testified over and over. p. 154.

9. WITNESSES.—*Sustaining objection to question on cross-examination of prosecuting witness in criminal case as to who furnished him the money to purchase liquor held not abuse of discretion.*—In prosecution for selling intoxicating liquor, where there had been no evidence introduced or offered to the effect that the liquor was purchased with money which did not belong to the prosecuting witness or that he had received money for the purpose of influencing his testimony, there was no abuse of discretion in sustaining objection to a question on cross-examination as to who gave him the money with which to buy the liquor, as the course and extent of a cross-examination is within the discretion of the trial court. p. 155.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Carl Robinson was convicted of selling intoxicating liquor, and he appeals. *Affirmed.*

*J. T. Walterhouse* and *Thomas V. Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Arnet B. Cronk,* for the State.

EWBANK, C. J.—The indictment charged that, at a time and place named, the defendant (appellant) "did then and there feloniously and unlawfully sell, barter, exchange, give away, furnish and dispose of intoxicating liquor to Sherman G. Parton, contrary," etc., and that theretofore, on two dates specified, the defendant was convicted of "violating the provisions of chapter 4, Acts * * * 1917, and amendments thereto, commonly known as the 'prohibition law,'" the title of which was also recited. On motion of the prosecuting attorney, all the allegations in the indictment as to former convictions and the description of the act for the violation of which defendant was alleged to have been theretofore convicted were struck out. Defendant, having entered a plea of not guilty, was tried by a jury, which returned a verdict finding him "guilty as charged," and assessing his punishment at a fine of $500 and imprisonment in the county jail for six months. A motion for a new trial was made and overruled, and the court rendered judgment on the verdict. Overruling the motion for a new trial is assigned as error, under which appellant specifies the giving of each of certain instructions, the exclusion of certain evidence, and that the verdict is not sustained by sufficient evidence.

There was evidence that a witness with whom defendant was not acquainted met defendant, when defendant said he could get him some liquor "if the party was at home"; that defendant was unable at that time to get into "the house" where defendant's brother-in-law lived, but that, later in the evening, when the witness returned, he found defendant in the house and "got the liquor off of him" there; that he bought a half-pint and paid defendant $1 for it, and

that he turned the half-pint of liquor over to the sheriff of Delaware county about two hours later that same evening; that defendant said it was "grain alcohol cut," which is intoxicating liquor; that all this occurred at "911 South Mulberry street here in the city of Muncie"; that said street number is in. Delaware county in the State of Indiana; that the bottle of liquor was sealed and labeled immediately at the sheriff's office, and remained in the possession of the sheriff, unopened, until the time of the trial, when it was introduced in evidence; that its contents were "grain alcohol cut with water," and it was intoxicating liquor. Defendant testified that when the prosecuting witness "said he wanted to get some stuff," defendant asked how much he wanted, and being told he wanted to get a pint or a quart, said to him that he (defendant) "knew several of the boys around" and would "see if he could find him somebody," but was unable to find anybody and then told the prosecuting witness that he (defendant) "don't fool with any stuff at all," and that said witness afterward exhibited a bottle of grain alcohol which he said he got elsewhere. Defendant testified that the contents of the bottle introduced in evidence was "grain alcohol," and a druggist called by him as a witness testified to the same fact, and there was no evidence that the bottle contained anything else, except as above stated. The verdict was supported by sufficient evidence and was not contrary to law.

Instruction No. 1, given by the court, correctly stated what were the allegations of the indictment down to and including the words "contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Indiana," and then added (Our italics): *"The court instructs you that there are some other words and wordings to this indictment, but the other part of it has*

*been dismissed, and you are to stop where it says contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Indiana, and the other part of the indictment is not to be considered by the jury at all."* And instruction No. 2 told the jury that this indictment was founded upon §1, ch. 23, Acts 1923 p. 70, which the instruction then recited in full, including the provision therein that any person guilty of the forbidden acts should be punished "upon a second or subsequent conviction by imprisonment in the state prison not less than one year nor more than two years, to which may be added a fine not less than $200.00 nor more than $1000.00." Appellant complains of these instructions as being uncertain, confusing and conflicting, leaving the jury in doubt as to the offense for which defendant was on trial. But the jurors were correctly told that if the defendant should be found guilty as charged in the indictment, they should also fix his punishment at a fine of not less than $100 nor more than $500, and imprisonment in the county jail not less than thirty days nor more than six months, and a verdict was returned in conformity with this direction. So that the record affirmatively shows that the jury was not misled by the references in these instructions to the infliction of greater punishment for a second or subsequent offense, and any inaccuracies in them are thus shown to have been harmless.

Appellant insists that instruction No. 3 stated merely an abstract proposition of law. But he impliedly admits that the law was correctly declared, and

3. does not point out wherein he was or could be harmed by giving it. Correctly declaring an abstract proposition of law is not reversible error unless the defendant was thereby prejudiced.

All of the evidence, including the evidence of defendant and his witness, being to the effect that the con-

tents of the bottle which defendant was charged
4.　with having sold were principally, if not wholly,
grain alcohol, the only dispute being as to
whether or not defendant sold it or the prosecuting wit-
ness obtained it elsewhere and then exhibited it to de-
fendant, and the uncontradicted evidence as well as the
judicial knowledge of the court establishing, beyond
doubt, that grain alcohol is intoxicating, the defendant
was not harmed by an instruction that the jury should
find him guilty if they found that he "sold to Sherman
G. Parton for $2.00 or any amount, intoxicating liquor,
and that it was grain alcohol or grain alcohol cut."
Such an instruction required them to find that what was
sold was intoxicating liquor in order to convict, and if
they so found the mere fact that it was not pure grain
alcohol, but had been "cut with water," would not make
defendant any less guilty.

Instruction No. 14 given by the court merely admon-
ished the jury of the importance of not convicting a
person accused of crime if he were innocent, and
5.　of not acquitting him if he were guilty. It con-
tained nothing for which the judgment should
be reversed. *Hinshaw* v. *State* (1897), 147 Ind. 334,
385, 47 N. E. 157; *Hoover* v. *State* (1903), 161 Ind.
348, 355, 68 N. E. 591; *Scherer* v. *State* (1919), 188
Ind. 14, 21, 121 N. E. 369; *Partlow* v. *State* (1920), 191
Ind. 660, 663, 128 N. E. 436.

The court permitted a cross-examination of the
prosecuting witness more than twice as long as his di-
rect examination, that went into almost every
6, 7.　phase of his life, including the number of times
he had been married, the fact that he had been
divorced, that he occasionally drank whisky, and that
he had no idea how many drinks he had taken on any
one day while in Muncie; and defendant even obtained
from him an answer that he had never been arrested,.

no objection being made to the question in response to which it was given. Being asked if he was in the army and in what outfit, he answered that he was in the Tenth Infantry. Counsel for defendant then asked: "You are the same man in the 10th infantry who was tried, and court martialed and sentenced to Fort Leavenworth, aren't you, for insubordination," when an objection was sustained to the question, and defendant excepted. Sustaining this objection is complained of as error. The question was open to objection as being multifarious, calling for a single answer as to whether the witness was "court martialed," "tried," and "sentenced," whether it was on a charge of insubordination, and whether the sentence was "to Fort Leavenworth." And since it had no relation to the facts testified in chief by the witness, but went only to his credibility, we cannot say that his conviction by a court martial on the charge of "insubordination," even if the fact were proved, would necessarily have such a bearing on his credibility as to make the exclusion of evidence of that fact when inquired about by proper questions asked in proper sequence an abuse of the very wide discretion which the trial court has over the extent to which a cross-examination shall be carried. *Pierson* v. *State* (1919), 188 Ind. 239, 245, 123 N. E. 118.

This witness had testified in chief that he paid $2 for the half-pint of whisky which he said he purchased from defendant, and on cross-examination again

8. stated that he paid $2. Counsel for defendant then asked a question to which an objection was sustained, and immediately afterward asked: "Is that the price you paid for it?" No error was committed in sustaining an objection to this question. The trial court is not bound to permit the same fact to be testified over and over, but may confine the cross-examination

within reasonable limits. *Clevenger* v. *State* (1924), 195 Ind. 45, 144 N. E. 524, 526.

No evidence was introduced nor offered to the effect that the alcohol was purchased with money which did not belong to the prosecuting witness, or that he obtained it from anybody else, nor had he been asked any questions in relation thereto, and there had been no intimation from any source that the witness had received money for the purpose of influencing his testimony, when counsel for defendant asked him, on cross-examination, the following question: "Who gave you the money to buy this liquor with?" Sustaining an objection to that question is complained of. The discretion vested in the trial court to control the course and limit the extent of the cross-examination was not abused by such ruling.

The judgment is affirmed.