# HALL *v.* STATE OF INDIANA.

[No. 25,397.   Filed June 19, 1928.]

*John L. Reagan* and *Delbert O. Wilmeth*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Harry L. Gause*, Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was indicted, tried by the court and convicted of unlawfully transporting intoxicating liquor in violation of Acts 1925, ch. 48, §7, §2720 Burns 1926.

The error assigned and relied upon here is the overruling of appellant's motion for a new trial, for the alleged reasons that certain evidence admitted was incompetent and that the finding of the court is not sustained by sufficient evidence and is contrary to law.

The evidence for the state (no evidence was introduced by appellant) showed that appellant, William Hinton and Marshall Rowe, at 3 a. m. August 23, 1926, drove through Augusta at a high rate of speed on their way from Chicago to Indianapolis in a Buick roadster automobile, under the rear deck of which they were transporting ninety-two gallons of alcohol, contained in five-

gallon cans. Three deputy sheriffs of Marion County, in a Hudson touring car, turned on their red search-light and gave chase at a speed of sixty-three miles per hour. The occupants of the roadster, who had an army Springfield rifle and two revolvers, opened fire, which was returned by the deputy sheriffs, many shots being exchanged. The roadster was overtaken at Northwestern Avenue and 29th Street, in the city of Indianapolis, where the roadster turned, first east and then north, finally stopping at Crown Hill Cemetery. Rowe and appellant, who alighted from the roadster sometime after it turned and before it stopped, escaped. Appellant was arrested August 25, 1926, but Rowe was not apprehended.

A deputy sheriff, without objection by appellant, related a conversation he had with appellant after his arrest, which was in part as follows:

"He told us he was up in Chicago and Marshall Rowe and William Hinton came there and met him and told him they were going to crash a joint, an alcohol cache, and for him to wait for them until they came back; that they went into Chicago to what is known as Bum Town and broke into an alcohol storage plant and got their load of alcohol and started back and picked Hall up and started to Indianapolis.

"He told us when we pulled in behind them at Augusta that someone made the remark to him 'that hi-jackers were after us,' and Rowe got on the side of the car and said, 'They are not hi-jackers; that it was a sheriff's car and that he could not afford to be caught; he was a parole from the Leavenworth Prison.'

"He said that Rowe emptied two revolvers, that Rowe got out of the car first and he got out second and that one of the guns belonged to Hinton and the other belonged to Rowe and that Rowe took one and that he, Hall, took the other one along with him."

Appellant's objection to the admission in evidence of state's Exhibit 1, which was a confession signed by the codefendant Hinton, who was tried at the same time, was on the grounds that it was obtained under duress, was the confession of a confederate subsequent to the commission of a crime, was not made in Hall's presence and was hearsay. The record, however, shows that the court did not admit and consider this evidence as against this appellant. The court, in ruling upon the admissibility of this evidence said, "This will go in for what it is worth as to defendant Hinton." Hinton's confession did not contain anything with reference to Hall that is not in Hall's confession referred to above, except that Hall was to pay Hinton $50 for each load of liquor hauled, and that Hall lived at 1519 Dawson Street with Claude Adams to whom the liquor was to be delivered.

Appellant also objected to testimony by a deputy sheriff of his conversation with Hinton covering some of the same facts, viz: that Hinton had been to Chicago in company with Hall, that they had obtained alcohol there and were returning to Claude Adams' house in Indianapolis. Objections at the time were made separately by the several attorneys representing Hinton, Hall and Adams, the objection of the latter two being that their clients were not present at the time the conversation took place. The court admitted the evidence saying "I will watch all of that." It is reasonable to assume from this statement of the court, and in view of the statement made with reference to Exhibit 1, that the court did not consider this conversation as against Hall. But even if this evidence had been admitted erroneously, it would constitute only harmless error, since the confession of Hall covered the same essential facts and is alone sufficient to sustain the finding of the court.

The appellant contends that the finding of the court is not sustained by sufficient evidence and is contrary to law because no proof was made that the *alcohol* being transported by appellant was *intoxicating liquor*. He maintains that alcohol: (a) Is not intoxicating liquor as defined in §2, ch. 48, Acts 1925, §2715 Burns 1926; (b) is not a spirituous liquor, although admittedly it is the basis of all spirituous liquors; and (c) is not a beverage, being neither potable, wholesome or drinkable, but is a violent irritant.[1]

The word alcohol, as commonly used, and as used in our statute, means ethyl alcohol, a colorless, volatile, inflammable liquid, which is the intoxicating element or principle of fermented and distilled liquors. It is produced by various processes of fermentation, brewing and distillation from fruits, grains and vegetables containing sugar or starch and, in addition to its use as an intoxicant, it is used extensively in the arts, for mechanical, manufacturing and scientific purposes, espècially in medicine and pharmacy as a solvent.[2] That alcohol is an intoxicating liquor is a fact that every person of common understanding knows

[1] Appellant to support these propositions, cites: (a) *State* v. *Martin* (1879), 34 Ark. 340; *State* v. *Witt* (1882), 39 Ark. 216; (b) *Lemly* v. *State* (1892), 70 Miss. 241, 12 So. 22, 20 L. R. A. 645; and (c) *State* v. *Osmers* (1911), 21 Idaho 18, 120 Pac. 165.

Concerning the first two of these cases it was said in note, 48 L. R. A. (N. S.) 302: "These remarkable decisions had the natural effect and the court was shortly obliged to modify its position." See *Winn* v. *State* (1884), 43 Ark. 151, which affirmed the conviction of one indicted for selling "intoxicating liquor" who sold alcohol only.

In *Lemly* v. *State, supra*, the court said that "alcohol is not in common use as a drink" and "would rarely if ever be wanted for drinking purposes, if supplies of the ordinary potations could be had."

[2] Methyl (wood) alcohol, is poisonous and its poisonous and dangerous character is well known. It is not an intoxicating, spirituous liquor within the meaning of the first class of liquors, defined in §2, ch. 48, Acts 1925, and its sale, in the absence of any evidence tending to show that it was sold or reasonably likely or intended to be used as a beverage (within the meaning of the second class of liquors defined in §2, ch. 48, Acts 1925) was held not to be an offence under the Prohibition Act of 1917, *Hamilton* v. *State* (1922), 191 Ind. 466, 133 N. E. 491, 19 A. L. R. 509.

and it may be easily diluted so as to be capable of being used freely as a beverage. *Snider* v. *State* (1888), 81 Ga. 753, 7 S. E. 631, 12 Am. St. 350; *State* v. *Kollar* (1920), 17 Okla. Crim. 132, 186 Pac. 968; *State* v. *Wallace* (1921), 121 Me. 83, 115 Atl. 609. While a few cases, cited by appellant and noted *supra* in footnote 1 decided years ago when intoxicating liquors were lawfully obtainable, have held that no demand existed for alcohol for drinking purposes, and that it was not in common use nor even capable of being used as a beverage or for purposes of dissipation, and was not an intoxicating liquor; times, customs and appetites have changed with the advent of prohibition, and it is now uniformly held that alcohol is a spirituous and intoxicating liquor and of this fact the courts take judicial notice. 33 C. J. 498 note 17; 15 R. C. L. 376 note 6; *State* v. *Kollar, supra; State* v. *Wallace, supra; Robinson* v. *State* (1925), 197 Ind. 148, 153, 149 N. E. 888; *State* v. *Nicolay* (1916), 184 S. W. (Mo. App.) 1182; *Trammel* v. *State* (1925), 103 Texas Crim. 46, 279 S. W. 277; *Greiner-Kelly Drug Co.* v. *Truett* (1903), 75 S. W. (Texas Civ. App.) 536.[3]

Furthermore, we believe that it also clearly appears from Acts 1925, ch. 48, §§5, 10 and 19, that it was the legislative intent to include alcohol as an intoxicating liquor in §2 of the Act. Section 5 (§2718 Burns 1926), enumerating manufacture and sales

---

[3]See, also, *Cureton* v. *State* (1911), 135 Ga. 660, 70 S. E. 332, 49 L. R. A. (N. S.) 182; *Marks* v. *State* (1909), 159 Ala. 71, 48 So. 864, 133 Am. St. 20; *Rucker* v. *State* (1894), 24 S. W. (Texas Crim.) 902; *Sebastian* v. *State* (1903), 44 Texas Crim. 508, 72 S. W. 849; *Caswell* v. *State* (1841), 2 Humph. (Tenn.) 402; *Bennett* v. *People* (1863), 30 Ill. 389. And, in *State* v. *Torello* (1924), 100 Conn. 637, 124 Atl. 375, it was held that partially denatured alcohol (97.7 per cent.) which could be made fit for beverage purposes by the mere addition of water or other liquid or by simple distillation and dilution was spirituous and intoxicating liquor. The federal courts have uniformly held that it is unnecessary to allege and prove that alcohol is an intoxicating liquor—the National Prohibition Act so defines it. *Miller* v. *United States* (1927), 21 Fed. (2d) 32, and cases there cited; *Brown* v. *United States* (1926), 16 Fed. (2d) 682; *Maresca* v. *United States* (1921), 277 Fed. 727.

to which the act does not apply, provides that:

"No provision of this act shall be construed to prohibit . . . the manufacture and sale of pure grain alcohol for medical, scientific or mechanical purposes . . . nor shall it prohibit a wholesale druggist from selling pure grain alcohol in quantities of not less than one gallon . . . as provided in this act . . . nor . . . to prohibit a registered pharmacist . . . from selling alcohol for medicinal purposes upon the prescription of a licensed physician . . . as herein provided," etc.

Section 10 (§2726 Burns 1926) provides that:

"It shall be unlawful for any pharmacist to sell *intoxicating liquor, except pure grain or ethyl alcohol,* and such alcohol only for scientific, medicinal or mechanical purposes . . ." etc.

Section 19 (§2735 Burns 1926) provides that:

"Any wholesale druggist, licensed pharmacist . . . or any manufacturing chemist or . . . any person authorized to use alcohol, desiring to have transported to it or him such alcohol, shall make and file with the clerk of the circuit court a statement in writing under oath," etc.

That a defendant comes within the class of persons authorized to possess or transport alcohol for a lawful purpose is a matter of defense not necessary to be pleaded in the indictment or affidavit. *State* v. *Kollar, supra.* It was neither pleaded, proved, nor even claimed, that this appellant came within that class of persons or had complied or attempted to comply with those sections of the statute authorizing the possession and transportation of alcohol. The rule announced in *Hedges* v. *State* (1924), 194 Ind. 122, 142 N. E. 13, concerning Jamaica ginger and in *Bernstein* v. *State* (1928), 199 Ind. 704, 160 N. E. 296, concerning malt extract, does not require, as appellant contends, that allegations and proof be made here, that alcohol is

"reasonably likely or intended to be used as an alcoholic beverage," (under the second class of liquors defined in §2, ch. 48, Acts 1925, §2715 Burns 1926) since we hold that alcohol is a "spirituous liquor containing as much as one-half of one per cent. of alcohol by volume," (under the first class of liquors defined in Acts 1925, ch. 48, §2, §2715 Burns 1926). *State* v. *Cook* (1925), 53 N. D. 429, 206 N. W. 786.

Appellant says that "the mere fact that alcohol was in a car in which appellant had ridden" would not make him guilty of the unlawful transportation, citing *Howard* v. *State* (1923), 193 Ind. 599, 141 N. E. 341, and *Johnson* v. *State* (1927), 199 Ind. 73, 155 N. E. 196; but appellant has not brought himself within the rule applicable to the innocent, invited passenger. Persons knowingly helping to transport intoxicating liquors in an automobile are equally guilty with the owner of the liquor and car. *Simpson* v. *State* (1925), 195 Ind. 633, 146 N. E. 747; *Payne* v. *State* (1924), 194 Ind. 438, 143 N. E. 283.

Judgment affirmed.

Myers, C. J., and Willoughby, J., concur in conclusion.