SIMPSON *v.* STATE OF INDIANA.

[No. 13,600. Filed March 27, 1929.]

*Frank A. Symmes, Garth B. Melson, Donald F. Lafuze* and *Earl R. Cox*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Frank L. Greenwald*, Deputy Attorney-General, for the State.

REMY, J.—Appellant was charged by affidavit with violation of §4 of the act of March 4, 1925 (Acts 1925 p. 144, §2717 Burns 1926), which makes it unlawful to sell intoxicating liquors to be used as a beverage. Trial resulted in a conviction.

The evidence, without conflict, shows that appellant, the owner and operator of a restaurant and soft drink place, and, at the time in question, sold Jamaica ginger which was from sixty to eighty per cent alcohol per volume, the sale being made with knowledge that the same was purchased for beverage purposes.

It is contended by appellant that the decision of the court is not sustained by sufficient evidence and is contrary to law for the reason that the charge is for the sale of intoxicating liquor, and that the liquid sold was Jamaica ginger. The contention is without merit.

This court will take judicial notice that Jamaica ginger which is from sixty to eighty per cent alcohol per volume is intoxicating. *McLean* v. *People* (1919), 66 Colo. 486, 180 Pac. 676; *People* v. *Philpott* (1922), 219 Mich. 156, 188 N. W. 497. See, also, *Abel* v. *State* (1928), 200 Ind. 283, 163 N. E. 91.

This case is readily distinguished from *Hedges* v. *State* (1923), 194 Ind. 122, 142 N. E. 13, cited and relied on by appellant. In that case there was no evidence that the Jamaica ginger was sold for beverage purposes.

Affirmed.