BARKER *v.* STATE OF INDIANA.

[No. 25,296.   Filed January 31, 1930.]

*Henry H. Winkler, John Ogden* and *Floyd G. Christian,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—Chapter 48, of the acts of 1925, page 144, is an act concerning intoxicating liquors, approved March 4, 1925.

The second section of that act provides that "the words 'liquor' and 'intoxicating liquor' wherever used in this act shall be construed to mean all malt, vinous, or spirituous liquors, containing as much as one-half of one per cent of alcohol by volume, and every other drink, mixture, or preparation of like alcoholic content, whether patented or not, reasonably likely or intended to be used as a beverage; and all other intoxicating beverages, drinks or preparations whether alcoholic or not, intended for beverage purposes."

The seventh section provides that: "Any person who shall transport intoxicating liquor in or upon any wagon, buggy, automobile, water or air craft, or in any other vehicle of any kind, shall be guilty of a felony and, upon conviction, shall be imprisoned in the State Prison not less than one year nor more than two years, to which may be added a fine in any sum not exceeding one thousand dollars ($1,000): *Provided, however,* that nothing herein

contained shall affect the transportation of intoxicating liquor for such purposes or uses as are not unlawful," etc.

The indictment in this case charges that, on or about the 30th day of April, 1926, at and in the county of Marion, State of Indiana, this appellant and another did then and there unlawfully, knowingly, and feloniously transport intoxicating liquor in an automobile within the county of Marion and state aforesaid.

To this indictment, the appellant waived arraignment and entered a plea of not guilty. The case was tried by the court without a jury, and the court found the appellant guilty as charged and that his punishment be assessed in the sum of $100 and costs and imprisonment in the Indiana State Prison for a term of not less than one year nor more than two years. Appellant moved for a new trial and alleged as reasons: (1) That the finding of the court is not sustained by sufficient evidence; and (2) that the finding of the court is contrary to law. Other reasons were assigned, but they are expressly waived in appellant's brief. Judgment was rendered on the finding of the court, and from such judgment, this appeal is taken.

The appellant contends that there is no evidence tending in any manner to show that appellant transported anything but alcohol and that the State has wholly failed to show that the alcohol transported was such a liquid as could be used as a beverage, and if the acohol referred to in this case was such as could not be used as a beverage, it is not within the prohibition of the statute, although its ingredients contain spirituous liquor.

Appellant further says that pure alcohol is not in common parlance a spirituous liquor, although it is the basis of all spirituous liquors.

It is evident that the second section of chapter 48 of the act concerning intoxicating liquors, Acts 1925 p. 144,

(§2715 Burns 1926) includes alcohol as an intoxicating liquor. This section of the law defines what shall be and what shall come within the Prohibition Law, when it concerns the violation of the Prohibition Law of this state. The only question to determine in this appeal is whether the naked, bald statement by the officers who found the alcohol, describing the article found as alcohol, is sufficient to convict a person under the law of this state.

The appellant expressly waived every specification except reasons No. 1 and No. 2, which are in his motion for a new trial, and says that, in the instant case, the only evidence purporting or attempting to show what the article transported was, is the testimony of the police officers, and that is that the article transported was alcohol.

But this court, in the case of *Hall* v. *State* (1928), 200 Ind. 149, 162 N. E. 51, has held adversely to the claim of this appellant. It is held that alcohol is an intoxicating liquor and it may be easily diluted so as to be capable of being used freely as a beverage, and that courts take judicial notice that it is a spirituous and intoxicating liquor. *Snider* v. *State* (1888), 81 Ga. 753, 7 S. E. 631, 12 Am. St. 350; *State* v. *Kollar* (1920), 17 Okla. Crim. 132, 186 Pac. 968; *State* v. *Clancy* (1921), 121 Me. 83, 115 Atl. 609. See, also, *Miller* v. *United States* (1927), 21 Fed. (2d) 32; *Brown* v. *United States* (1926), 16 Fed. (2d) 682; *Robinson* v. *State* (1925), 197 Ind. 148, 149 N. E. 888.

In *State* v. *Clancy, supra,* the court said: "It is idle at this late day, in view of the world-wide knowledge and action upon the matter of suppression of the liquor traffic, to further discuss or to seek to refine a phase of the subject settled ages ago. What all the world knows and discusses, the trial court and jury may be presumed to know. It is a matter of common knowledge that

alcohol is an intoxicating liquor; used in sufficient quantity with other ingredients to produce intoxication, under our law it is an intoxicating liquor. When the question is submitted as in this case, in addition to the affirmative evidence, the jury had the right to take judicial notice of the fact that alcohol is an intoxicant."

In the case of *Snider* v. *State, supra,* it is held that alcohol is a spirituous and intoxicating liquor and that it was not necessary for the State to prove that it was intoxicating, because it is a fact known to every person of common understanding and will be taken judicial cognizance of.

In the case of *State* v. *Kollar, supra,* the court said: "Courts take judicial notice that alcohol is an intoxicating liquor. It forms the basic principle . . . of all liquors . . . it is a constituent element in each of said liquors. Pure alcohol may be easily diluted so as to be capable of being used freely as a beverage."

There is no error in the record and the judgment is affirmed.