## BARKER *v.* STATE OF INDIANA.

[No. 25,295. Filed December 20, 1932.]

*Henry H. Winkler,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was charged by indictment with the felony of transporting intoxicating liquor in an automobile in Marion County, State of Indiana, by count one, as defined in §7, Chap. 48, Acts of 1925, §2720 Burns 1926, and with the crime that he did manufacture, possess, transport, sell, barter, exchange, give away, furnish and otherwise dispose of intoxicating liquor to persons to the grand jury unknown, by count two, as defined by §4, Chap. 48, Acts 1925, §2717 Burns 1926. The case was tried by the court, which resulted in a finding that appellant was guilty as charged in count one of the indictment.

Appellant appeals from the judgment upon the finding and assigns as error the action of the court overruling his motion for a new trial. The question presented for decision on this appeal is founded upon causes one and two in the motion for a new trial: (1) that the finding of the court is not sustained by sufficient evidence, and (2) that the finding of the court is contrary to law.

The finding of the court is based upon the evidence that two police officers, after having arrested appellant and another person with him, found ten gallons of "alcohol" in the automobile which they had been driving. The sole and only evidence of the contents of the six cans found in the automobile was that it was "alcohol."

The only point made by appellant under the causes for a new trial was, that because there is no evidence to prove what kind of "alcohol" was being transported, there is a failure of proof for the reason that the court does not judicially know that "alcohol" is such a liquor that is reasonably likely or intended to be used as a beverage; and for the further reason under this point that alcohol has many legitimate and legal uses and purposes which, according to common knowledge, does not bring the article which contains alcohol within the act which prohibits transportation of "intoxicating liquor"; and the further reason that the statute prohibits only the transportation of such intoxicating liquor that is reasonably likely intended to be used for beverage purposes; and that, "if the alcohol testified about and referred to in this case was wood alcohol, or denatured alcohol, then it is not such a liquid that comes within the meaning of the law, but is a poison." And further, that, "if the alcohol mentioned in the testimony was pure grain alcohol, then it is not an article or liquid that comes within the meaning of the law; but is neither potable, wholesome, or drinkable, but is a violent irritant." Appellant asserts that the court cannot take judicial knowledge that alcohol is such a liquor or liquid that is reasonably likely or intended to be used as a beverage. The court, in considering the evidence, also takes into consideration a matter of common knowledge which has a close relationship to the evidence. The court took into consideration in this case, as a matter of common knowledge, that alcohol is an intoxicating liquor without the necessity of having affirmative proof that such liquor was intoxicating.

It has heretofore been decided by this court that *alcohol* is an intoxicating liquor within the meaning of §§2 and 7 of Chap. 48, Acts 1925, page 144, §§2715 and 2720 Burns 1926, which decision is a

complete answer to appellant's question under the assignment of error. *Hall* v. *State* (1928), 200 Ind. 149, 162 N. E. 51; *Barker* v. *State* (1930), 201 Ind. 465, 169 N. E. 842.

Upon the authority of the cases cited, it is held that overruling appellant's motion for a new trial was not error.

Judgment affirmed.